UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
MARK J. PODLIN et ano,        :
                              :
                Plaintiffs,   :
                              :   13cv4117
       -against-              :
                              :   MEMORANDUM & ORDER
NADER GHERMEZIAN et al.,      :
                              :
                Defendants.   :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

Plaintiffs Mark Podlin and Podlin International Realty, Ltd. move pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss their claims for unjust enrichment, quantum meruit, and breach of contract. They stipulate that their ability to reassert these claims turns on the outcome of their appeal of this Court's May 28, 2014 Memorandum and Order dismissing certain of their claims. If the United States Court of Appeals for the Second Circuit reverses that Memorandum and Order in whole or in part, Plaintiffs will be free to reassert all claims in their Amended Complaint; if the Memorandum and Order is affirmed in its entirety, then this dismissal shall be with prejudice. For the reasons that follow, Plaintiffs' motion is granted.

The Second Circuit has articulated five factors for consideration on a 41(a)(2) motion: "(1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d

12, 14 (2d Cir. 1990) (internal quotation marks and citations omitted).

After this Court's May 28, 2014 Memorandum and Order was docketed and before Defendants interposed an Answer, Plaintiffs filed notice of their intention to dismiss their remaining claims. See Notice of Voluntary Dismissal, ECF No. 41, dated June 19, 2014. There has been no undue vexatiousness on Plaintiffs' part, the suit has not even progressed beyond the pleadings, and Plaintiffs have been forthright about their pragmatic reasons for seeking dismissal. The May 28, 2014 Memorandum and Order dismissed, among other claims, Podlin's claim to a $200 million commission from a real estate transaction. Plaintiffs believe the surviving claims "have de minimis value and do not justify the cost of litigation or of taking up this Court's valuable resources." Pls. Mem. in Supp. of Mot. to Dismiss, dated July 9, 2014, ECF No. 51, at 4.

Dismissal here reduces the risk of duplicative litigation expenses. Plaintiffs' appeal to the Second Circuit will proceed with or without the remaining claims. If Plaintiffs are forced to litigate their surviving claims, to completion in the district court, a successful appeal could result in Plaintiffs re-litigating the quantum meruit claim in particular under a different theory of its value. If, however, the surviving claims are dismissed without further proceedings in the district court, then Plaintiffs will either win on appeal in the Second Circuit and litigate all their claims together or lose in the Second Circuit and litigate none of them.

This unusual procedure by which Plaintiffs can obtain what bears a passing resemblance to an interlocutory appeal was approved by the Second Circuit in Purdy v. Zeldes:

> [W]hen a plaintiff is completely free to relitigate voluntarily dismissed claims, the final judgment rule ordinarily precludes this court from reviewing any adverse determination by the district court in that case. However, where, as here, a plaintiff's ability to reassert a claim is made conditional on obtaining a reversal from this court, the finality rule is not implicated in the same way. . . . We therefore hold that a conditional waiver . . . creates a

final judgment reviewable by this court.

337 F.3d 253, 257–58 (2d Cir. 2003); see also S.E.C. v. Gabelli, 653 F.3d 49, 56 (2d Cir. 2011).

All five Zagano factors favor Plaintiffs. Accordingly, Plaintiffs' motion to dismiss is granted on the condition that should this Court's May 28, 2014 Memorandum and Order be affirmed, they have waived their right to reassert the claims dismissed here. The Clerk of Court is directed to terminate the motion pending at ECF No. 50 and mark this case closed.

Dated: July 29, 2014
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Richard A. De Palma, Esq.
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
*Counsel for Plaintiffs*

Kenneth W. Taber, Esq.
Andrew C. Smith, Esq.
Pillsbury Winthrop
1540 Broadway
New York, NY 10036
*Counsel for Defendants*